UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

IN RE:

TWIN CORPORATION,                           Case No. 05-33001
                                                     Chapter 11
            Debtor.                             Honorable Walter Shapero
_____/

**MEMORANDUM OPINION INCIDENT TO CONFIRMATION HEARING**

       Incident to the April 26, 2006, confirmation hearing in this case, the Official Unsecured Creditors' Committee (the "Committee") raised a number of objections regarding the adequacy of the information included in the disclosure statement preliminarily approved by the Court by Order effective March 16, 2006, in accordance with the procedures set forth in this Court's Case Management Order governing this case.

       The first objection was that creditors may have been somewhat deceived into thinking the Court had finally determined the adequacy of the disclosure statement by virtue of the statement made in the distributed plan and disclosure statement to the effect that the Court had determined the adequacy of the disclosure, without indicating at the same time that the Court's approval was only preliminary, and interested parties could still object to its adequacy at the time of the confirmation hearing. This objection has no merit in this case because: (1) the Order granting preliminary approval used the word "preliminary" in not only its title, but also in each of its first two sentences, and the fourth paragraph of the same Order set a deadline to file "objections to final approval of the disclosure statement," with similar language being set forth in the next paragraph of the order; and (2) the

1

previously distributed Case Management Order laid out a procedure consistent therewith; and (3) the Committee was not mislead and, in fact, filed the indicated objections.

The second objection was that in Article VI of the disclosure statement relating to the liquidation analysis, it is stated that the plan proposes to pay a dividend of $500,000 to unsecured creditors, whereas in fact the correct figure is $250,000. In the circumstances of this particular case, that objection is without merit. What was served on the interested parties was Debtor's first amended plan and disclosure statement. In a prior and the original version, what was proposed (but not served on the creditor body-though it would make no difference here if it had been) was the $500,000 figure, but debtor changed the plan to provide for the $250,000 number and except for that one spot where the larger figure was mistakenly not changed, it was changed elsewhere, i.e.: in the summary of the plan's pay outs to the various creditor groups it states that the unsecured creditors as a group will receive a payout equal to the greater of $50,000, or net available cash for 5 years, and the projections set forth also show annual payments to of $50,000 per year for that period. Further, the committee clearly understood that the $250,000 was the correct figure. On balance, the Court concludes the case has not been made for sufficient deception to require amendment and revoting, on this point.

The Committee's third objection is the what the Committee characterizes as inadequate references in the disclosure statement on its Pages 29 through 31 to certain claims and causes of action. One has to do with a contract claim against an entity owned by the son-in-law of the former CEO of the Debtor–a claim which the Debtor states it will be pursuing by way of a lawsuit . The disclosure statement states the basis of the lawsuit, the initiation cost to Debtor, the nature of the services which Debtor paid for, and why it believes it should pursue it, stating that its forensic expert believes that

2

Debtor spent $714,000 for a what was worth only $100,000. The Committee argues for the need for more specificity. Given what was set forth and the fact the Debtor intends to pursue the matter, no more specificity is required. The other complained of claim/cause of action reference involve possible preferential transfor and/or fraudulent conveyance claims arising out of the redemption of stock in Debtor held by Debtor's ESOP within one year of the bankruptcy filing. The disclousure statement describes the nature of the claims in substantial , and clearly, adequate detail, but also says the Debtor has elected not to pursue those claims, given the ESOP is the primary holder of Debtor's stock and many of the potential defendants are retirees, etc. The Committee's primary concern in this matter is that confirmation of the plan might be construed as a waiver of these claims or some other such defense, which would preclude any other party with standing from pursuing those claims. Any such concern has been allayed in any event, by the Debtor's statement at the confirmation hearing that such is not its intent, and has expressed a willingness to incorporate in a confirmation order affirmative language precluding such a result.

The last material objection was that the financial projections show that the principal secured debts are being amortized on a twelve-year basis, which is inconsistent and misleading in light of the fact that notwithstanding that amortization, the debt will become entirely due and payable three years from the effective date of the plan, i.e.: there will be a substantial balloon payment at that time. Given the current principal balance of some $4,643,000 and the stated rate of interest and monthly principal reductions, it would appear that at the end of the three years the principal balance to be then paid off or refinanced would be about $4,000,000. This is eminently clear from the disclosure statement and plan. What is less clear, and what the Committee primarily objects to, is the lack of specificity and an
3

explanation of where and on what terms that $4,000,000 will be paid off or refinanced. Those answers will be the product of the then existing financial markets, Debtor's financial position in terms of profitability and viability, values of the collateral, and other market factors not reasonably ascertainable or predictable at this time. Indeed, to require such a prediction might be more misleading than saying nothing at all. Therefore, this objection also is without merit.

There being no other objections to confirmation, Debtor should prepare and submit an appropriate confirmation order consistent with this Opinion and any agreed upon undertakings in connection therewith at the confirmation hearing.

**Entered: May 17, 2006**

                                **/s/ Walter Shapero**
                       **Walter Shapero**
                       **United States Bankruptcy Judge**